IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 11-193 |
| | ) | |
| EBON P. D. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

Pending before the court is a motion to quash (ECF No. 49) filed by the Citizens Police Review Board (the "Board"), a nonparty to this criminal case.

On April 13, 2012, the court granted a motion by defendant Ebon P. D. Brown ("defendant") seeking the issuance of subpoenas duces tecum, pursuant to Federal Rule of Criminal Procedure 17(c). (ECF No. 42.) The court's April 13, 2012 order granting the subpoenas duces tecum (ECF No. 42) (the "subpoena") directed a number of individuals or entities to appear before the court, personally or by representative, with the documents specified in the subpoena.

On May 7, 2012, the Board filed a motion to quash portions of the subpoena.[1] (ECF No. 49.) Specifically, the Board challenged portions requiring its "Records Keeper" to appear before the court and to "bring with [him or her] any and all records of Judd S. Emery . . . , Thomas A. Gault . . . , Calvin C. Kennedy, III . . . , [and] Mark S. Adametz. . . ." (Id.) Emery, Gault, Kennedy and Adametz (collectively, "witness-officers") are police officers in Pittsburgh,

---

[1] In the alternative, the Board filed a motion for a protective order maintaining the confidentiality of the documents subject to subpoena and shifting costs of production to defendant. (ECF No. 49 at 4.) Because the court is granting quashal, the court will not address this alternative motion for relief, and will deny it as moot.

Pennsylvania. The parties represented to the court that the witness-officers were involved in either the investigation or arrest of defendant. According to defendant, the witness-officers are likely to testify against him at a suppression hearing scheduled to be held on May 24, 2012. Defendant believes the subpoena may produce evidence which is "probative of [the witness-officers'] credibility." (Deft.'s Resp. (ECF No. 51) at 2.)

Rule 17(c) subpoenas are not intended to provide a means of discovery in criminal cases. United States v. Nixon, 418 U.S. 683, 699 (1974). In order for the court to grant pre-trial production through a subpoena duces tecum, the proponent of production must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Id. at 699-700. The party seeking production must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 700.

Whether presented to the court as a request for quashal or issuance of a subpoena, the burden is on the party seeking the subpoena duces tecum to show that he or she is entitled to production of the evidentiary objects which are the subject of the subpoena. See United States v. Mannava, No. 2:06 CR 176, 2007 WL 1042148, at *1-2 (N.D. Ind. Apr. 5, 2007); United States v. Beckford, 964 F. Supp. 1010, 1025 (E.D. Va. 1997).

With respect to the portions of the subpoena objected to, defendant did not make any representation sufficient to meet his burden of showing that material in the possession of the Board will be admissible or relevant evidence. His articulated evidentiary basis for the requested

production involves impeachment of potential government witnesses, but impeachment materials do not ripen into "evidence" for the purposes of Rule 17(c) until such time as a witness actually testifies. United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980) ("[R]ule 17(c) permits a party to subpoena materials that may be used for impeaching a witness called by the opposing party . . . . However, because such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial, impeachment statements, although subject to subpoena under rule 17(c), generally are not subject to production and inspection by the moving party prior to trial."); see United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) ("[N]aked exculpatory material held by third parties that does not rise to the dignity of admissible evidence simply is not within the rule.").

At this time, the court does not know whether any of the witness-officers will in fact testify at the suppression hearing. Under Cuthbertson, any potential impeachment evidence vis-à-vis the witness-officers is nonevidentiary (and not subject to subpoena) until such time as the witness-officer testifies. In any event, defendant failed to meet his burden with respect to the third hurdle of specificity. The subpoena requests broad discovery of "all records" relating to four police officers. The court finds such a request to be speculative, as defendant did not articulate any reason why he believes the Board is in possession of records relating to any of the witness-officers. This is the proverbial "fishing expedition." The subpoena is not based on a good faith belief that specific, admissible documents will advance defendant's case. Instead, defendant improperly uses the subpoena mechanism as a discovery technique, to ascertain whether documents exist.

The court will grant the motion to quash without prejudice. If defendant has a good faith belief that the Board is in fact in possession of relevant, admissible records, and the

3

witness-officers in fact testify, the request for a subpoena may be renewed. The court, however, cautions that Federal Rule of Evidence 608 may make it unlikely that any material in the Board's possession will be *admissible* impeachment evidence. Under Federal Rule of Evidence 608, a witness's character for truthfulness may be attacked by opinion or reputation evidence, but not by the introduction of extrinsic evidence (with the exception of criminal convictions under Federal Rule of Evidence 609). See FED. R. EVID. 608(a)-(b). The court notes that extrinsic evidence in the Board's possession may be admissible if offered by another mechanism of impeachment (such as a prior inconsistent statement) under Rules 402 and 403. See, e.g., United States v. Winchenbach, 197 F.3d 548, 558 (1st Cir. 1999) (admissibility of a prior inconsistent statement offered for impeachment is governed by Rules 402, 403 and 613(b), but not by Rule 608(b)).

## *ORDER*

AND NOW, this 10th day of May, 2012, for the reasons set forth above, it is HEREBY ORDERED that the Board's motion to quash (ECF No. 49) is GRANTED.

IT IS FURTHER ORDERED that the subpoena issued to the Board by court order dated April 13, 2012 (ECF No. 42) is QUASHED without prejudice to its being reissued at an appropriate time and with the appropriate foundation.

IT IS FURTHER ORDERED that the Board's motion for a protective order (ECF No. 49) is DENIED AS MOOT.

By the court,

_/s/ Joy Flowers Conti_____
Joy Flowers Conti
United States District Judge